United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLORIA A. MESTAYER,<br><br>         Plaintiff,<br><br>    v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC, et al.,<br><br>         Defendants. | Case No.  15-cv-03645-EMC<br><br>**RELATED TO**<br><br>Case No.  15-cv-03650-EMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>Docket No. 36, C-15-3645<br>Docket No. 42, C-15-3650 |
| GLORIA A. MESTAYER,<br><br>         Plaintiff,<br><br>    v.<br><br>EQUIFAX INFORMATION SERVICES, LLC, et al.,<br><br>         Defendants. | |

Plaintiff Gloria A. Mestayer has filed two different actions, which this Court has related. In each case, Ms. Mestayer has alleged that Defendant Capital One Bank (USA), N.A. ("CapOne") improperly reported inaccurate and derogatory information to a credit reporting agency (Experian Information Solutions, Inc. and Equifax Information Services, LLC, respectively), in violation of the federal Fair Credit Reporting Act ("FCRA") and the California Consumer Credit Reporting Agencies Act ("CCRAA").  CapOne has filed a motion to dismiss in each case.  Having considered the parties' briefs, as well as the oral argument of counsel, the Court hereby **GRANTS** CapOne's motions.

## I.    FACTUAL & PROCEDURAL BACKGROUND

In the operative complaints, Ms. Mestayer alleges as follows.

On or about November 25, 2013, Ms. Mestayer filed for bankruptcy in the Northern District of California. On or about April 20, 2014, she received a bankruptcy discharge.

During the bankruptcy proceedings, Ms. Mestayer identified an obligation owed to CapOne as one of her debts. CapOne received notice of the bankruptcy filing shortly after proceedings were initiated. In spite of such notice, CapOne did not claim that the debt owed by Ms. Mestayer was not dischargeable. Accordingly, when Ms. Mestayer received her bankruptcy discharge, the debt to CapOne was discharged. CapOne received notice of the discharge in or about April 2014.

While bankruptcy proceedings were still ongoing – *i.e.*, pre-discharge – CapOne reported (1) to one credit reporting agency that Ms. Mestayer had an account balance of $756 from January 2014 to April 2014 and (2) to the other credit reporting agency that Ms. Mestayer had a major delinquency in January 2014. Ms. Mestayer disputed this reported information, contending that the information should not have been reported in light of her bankruptcy filing, but to no avail.

In this lawsuit, Ms. Mestayer reiterates the claim that CapOne should not have reported the above information while the bankruptcy proceedings were ongoing, because it was misleading.[1] *See Drew v. Equifax Info. Servs., LLC*, 690 F.3d 1100, 1108 ("[A]n item on a credit report can be incomplete or inaccurate . . . because it is patently incorrect, or because it is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions.") (9th Cir. 2012) (internal quotation marks omitted). According to Ms. Mestayer, the reporting was misleading because CapOne "implied that [she] was financially irresponsible by completely disregarding her obligations, and made [her] debt appear more recently subject to collection than it really was." Opp'n at 8.

---

[1] At the hearing, Ms. Mestayer clarified that she was not making a claim for relief based on any reporting done by CapOne after the bankruptcy discharge.

## II. DISCUSSION

A. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss for failure to state a claim for relief.

> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." The plausibility standard requires more than the sheer possibility or conceivability that a defendant has acted unlawfully. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Dismissal under Rule 12(b)(6) is proper only when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory.

*Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

B. FCRA Claim

"To ensure that credit reports are accurate, the FCRA imposes duties on entities called 'furnishers,' which are the sources that provide credit information to credit reporting agencies." *Snyder v. Nationstar Mortg. LLC*, No. 15-cv-03049-JSC, 2015 U.S. Dist. LEXIS 154680, at *8 (N.D. Cal. Nov. 13, 2015) (citing *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147 (9th Cir. 2009)). In the instant case, Ms. Mestayer claims that CapOne violated the FCRA by failing to meet two of those duties. More specifically, Ms. Mestayer alleges that (1) CapOne failed to conduct a reasonable investigation after receiving notice of her dispute and (2) failed to correct inaccurate (*i.e.*, misleading) information. This latter claim, of course, requires a showing that inaccurate information was reported in the first instance. Because the crux of this case is whether inaccurate information was, in fact, reported, the Court addresses the latter claim first.

    1. Correcting Inaccurate Information

As indicated above, CapOne had a duty to correct under the FCRA only if inaccurate information was reported in the first place. *See* 15 U.S.C. § 1681s-2(b) (providing, *e.g.*, that, "if

3

1 an item of information disputed by a consumer is found to be inaccurate or incomplete," furnisher
2 must modify, delete, or block reporting of item of information). CapOne takes the position that it
3 never reported any inaccurate information, and therefore there can be no FCRA liability. The
4 Court agrees.

5     At the hearing, Ms. Mestayer clarified that she was challenging only CapOne's reporting
6 while bankruptcy proceedings were still ongoing (*i.e.*, pre-discharge). Ms. Mestayer also
7 conceded (although such was not alleged in her pleadings) that, in the challenged reporting,
8 CapOne reported not only her account balance/delinquency but also the fact that she was in
9 bankruptcy proceedings. That being the case, the Court concludes that, as a matter of law,
10 CapOne's reporting was not misleading so as to violate the FCRA.

11     Ms. Mestayer contends that the reporting was misleading because (1) CapOne "implied
12 that [she] was financially irresponsible by completely disregarding her obligations, and [(2)
13 CapOne] made [her] debt appear more recently subject to collection than it really was." Opp'n at
14 8. Neither argument is convincing.

15     As to the first argument, CapOne did not imply that Ms. Mestayer disregarded her
16 obligations in any way because it actually reported that she had filed for bankruptcy. As to the
17 second argument, it is not entirely clear what Ms. Mestayer means. As best the Court can
18 understand it, Ms. Mestayer seems to be asserting that it was not clear that the reported account
19 balance/delinquency was a debt incurred before the bankruptcy petition (not after) and, as such,
20 would potentially be subject to discharge. But Ms. Mestayer is demanding too much. CapOne
21 reported the fact that Ms. Mestayer was in bankruptcy proceedings. It also reported the date of the
22 account balance/delinquency. CapOne never made a representation or any other suggestion that
23 the account balance/delinquency was a post-petition rather than a pre-petition debt. Instead,
24 CapOne was simply silent. But that silence was not misleading. With the information provided
25 by CapOne, any person or entity evaluating Ms. Mestayer's credit report to make a credit decision
26 could easily investigate and determine whether the debt was subject to an impending bankruptcy
27 petition.

28     The Court's conclusion is consistent with the holdings of other courts that have addressed

1  the same or a similar issue. For example, in *Mortimer v. JP Morgan Chase Bank, Nat'l Ass'n*, No.
2  C 12-1936 CW, 2012 U.S. Dist. LEXIS 108576 (N.D. Cal. Aug. 2, 2012), Judge Wilken noted as
3  follows:

> Mortimer argues that he has alleged a claim under § 1681s-2(b) of the FCRA because Chase unlawfully reported delinquencies after he filed his bankruptcy petition. Mortimer claims, not that he made timely payments, but that Chase's reporting violated the letter and the spirit of 11 U.S.C. § 362. Mortimer argues that this provision of the Bankruptcy Code, which in general imposes a stay on creditors' collection activities, prohibits Chase from reporting any derogatory information arising while the bankruptcy petition was pending. Section 362 does not stand for the proposition that an individual is not obliged to make timely payments on his accounts while his petition for bankruptcy is pending. Rather, § 362 limits collection activities in pursuit of claims that arose before the bankruptcy petition. While it might be good policy in light of the goals of bankruptcy protection to bar reporting of late payments while a bankruptcy petition is pending, neither the bankruptcy code nor the FCRA does so. Mortimer has not alleged that he was timely in making payments on his Chase account in November 2009, December 2009 or January 2010. Thus, Mortimer has not alleged an inaccuracy or misleading statement for the purposes of his FCRA claim . . . .

*Id.* at *8-9. Other judges have agreed with Judge Wilken. *See, e.g.*, *Giovanni v. Bank of Am., Nat'l Ass'n*, No. C 12-02530 LB, 2012 U.S. Dist. LEXIS 178914, at *15-16 (N.D. Cal. Dec. 18, 2012); *Harrold v. Experian Info. Solns., Inc.*, No. C 12-02987 WHA, 2012 U.S. Dist. LEXIS 133385, at *12 (N.D. Cal. Sept. 17, 2012).

In her papers, Ms. Mestayer tries to distinguish *Mortimer* because its discussion focused on the automatic stay provided for by the Bankruptcy Code. Ms. Mestayer points out that she "is not suing Capital One for violating 11 U.S.C. § 362." Opp'n at 14. But even though *Mortimer* did key in on § 362, that point is not consequential. The overarching principle articulated in *Mortimer* is that the mere fact of bankruptcy proceedings does not impact the validity of a debt, only its potential enforceability. The debt, at the time of the bankruptcy, still existed.

Moreover, the authority on which Ms. Mestayer relies is not contrary to *Mortimer*. For example, in *Montgomery v. Wells Fargo Bank, Nat'l Ass'n*, No. C12-3895 TEH, 2012 U.S. Dist. LEXIS 162912 (N.D. Cal. Nov. 13, 2012), the court indicated that it would be accurate for a furnisher to report, during bankruptcy proceedings, that a debt was "charged off" so long as it was

described as "charged off" before bankruptcy proceedings began. *See id.* at \*9-10. Furthermore, *Montgomery* involved a different issue: *i.e.*, whether it was accurate to describe a certain debt as "charged off." *Horsch v. Wells Fargo Home Mortgage*, 94 F. Supp. 2d 665 (E.D. Pa. 2015), and *Groff v. Wells Fargo Home Mortgage, Inc.*, No. 14-12250, 2015 U.S. Dist. LEXIS 60398 (E.D. Mich. May 8, 2015), also involve different factual scenarios, *i.e.*, whether there was a FCRA violation because the defendant did not report to the credit reporting agency that the plaintiff was still making monthly mortgage payments after being discharged from bankruptcy. (Both courts ultimately held that there was no FRCA violation.)

Ms. Mestayer protests still that the Court should not make a determination at the 12(b)(6) phase of proceedings – *i.e.*, that it is a factual question as to whether CapOne's reporting was misleading in any way. The Court is not persuaded. Given the facts alleged, and Ms. Mestayer's concession that CapOne reported the fact that bankruptcy proceedings had been initiated, no reasonable jury could find the reporting was misleading and therefore, as a matter of law, her claim fails.

2. <u>Reasonable Investigation</u>

As for Ms. Mestayer's other FCRA theory – *i.e.*, that CapOne failed to reasonably investigate the dispute she raised – CapOne argues for dismissal on the basis that the supporting allegations are too conclusory.

Here as well, the Court agrees. Although Ms. Mestayer has alleged that CapOne failed to review all relevant information (thus rendering its investigation unreasonable), she has not made any factual allegations to substantiate *how* CapOne failed to review all relevant information. CapOne knew about the bankruptcy and, as conceded by Ms. Mestayer, reported that fact to the credit reporting agencies. Moreover, if the reporting was not misleading, it is hard to understand how there was an unreasonable investigation in connection therewith. The Court dismisses this claim.

C. <u>CCRAA Claim</u>

As an initial matter, the Court takes note of CapOne's contention that any CCRAA claim is preempted, except for a claim pursuant to California Civil Code § 1785.25(a). Ms. Mestayer does

not challenge CapOne's preemption argument in her papers, nor could she based on the express language of the FCRA and case law construing such.  *See* 15 U.S.C. § 1681t(b)(1)(F)(ii) (providing that "[n]o requirement or prohibition may be imposed under the laws of any State . . . with respect to any subject matter regulated under . . . section 623 [15 U.S.C. § 1681s-2], relating to the responsibilities of persons who furnish information to consumer reporting agencies, except that this paragraph shall not apply . . . with respect to section 1785.25(a) of the California Civil Code"); *Mortimer*, 2012 U.S. Dist. LEXIS 108576, at *12-13 (providing that, "[i]n sum, § 1681t generally provides that that the FCRA does not preempt state law requirements, except those relating to the furnishing of accurate information to CRAs" but "[a]n exception to the exception is California Civil Code section 1785.25(a), a provision of the CCRAA, which is specifically not preempted").

Under § 1785.25(a), "[a] person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."  Cal. Civ. Code § 1785.25(a).  "Because the CCRAA's requirements of completeness and accuracy mirror those found in the FCRA, judicial interpretations of the federal provisions are 'persuasive authority and entitled to substantial weight when interpreting the California provisions.'"  *Montgomery*, 2012 U.S. Dist. LEXIS 162912, at *8 (quoting *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 889 (9th Cir. 2010)).  Accordingly, Ms. Mestayer's CCRAA claim fails because her FCRA claim fails.

In her papers, Ms. Mestayer suggests that she still has a viable CCRAA claim based on her allegation that "Capital One subscribed to the Metro 2 format[2] for credit reporting, which instructed creditors to report 'no data' in the payment history during a bankruptcy, yet Capital One did not comply with the Metro 2 instructions."  Opp'n at 17; *see also* FAC ¶ 39.  But Ms. Mestayer has failed to point to any authority indicating that a failure to comply with an industry standard is a failure to comply with the law.  Furthermore, other courts have rejected an attempt to

---

[2] According to Ms. Mestayer, "[t]he Consumer Data Industry Association's ('CDIA') Metro 2 format is the credit industry's standardized, objective reporting format used by furnishers to provide information about consumer accounts to consumer reporting agencies."  Opp'n at 17; FAC ¶ 37.

7

rely on the Metro 2 standard. *See, e.g.*, *Mortimer*, 2013 U.S. Dist. LEXIS 51877, at *32-33 (concluding that "Defendant's alleged noncompliance with the Metro 2 Format is an insufficient basis to state a claim under the FCRA"; noting, *e.g.*, that "Plaintiff has not pled any basis to conclude that . . . any entity would have expected Defendant to report in compliance with the CDIA guidelines"); *Giovanni*, 2013 U.S. Dist. LEXIS 55585, at *15 (noting that "the SAC does not allege that BOA was required to follow the Metro 2 Format, the CDIA's instructions on credit reporting, or that deviation from those instructions constitutes an inaccurate or misleading statement"). Accordingly, dismissal of the CCRAA claim is proper.

### III.  CONCLUSION

For the foregoing reasons, the Court grants CapOne's motion to dismiss in its entirety. The only issue remaining is whether the dismissal should be with or without prejudice. At the hearing, Ms. Mestayer indicated that she did not include an allegation in the complaint which would substantiate a FCRA and/or CCRAA claim. Because the Court is not in a position to evaluate this assertion, the Court shall allow Ms. Mestayer to amend. Ms. Mestayer may file an amended complaint to include allegations to support a FCRA and/or CCRAA claim against CapOne (and no other kind of claim).[3] The amended pleading shall be filed within thirty (30) days of the date of this order. CapOne may thereafter challenge the amended pleading, if it so chooses.

This order disposes of Docket Nos. 36 and 42 in the respective cases.

**IT IS SO ORDERED**.

Dated: February 17, 2016

_____
EDWARD M. CHEN
United States District Judge

---

[3] Ms. Mestayer does not have leave to change any of her claims against any of the other defendants.

8