UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLORIA A. MESTAYER,<br><br>   Plaintiff,<br><br>   v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC, et al.,<br><br>   Defendants. | Case No. 15-cv-03645-EMC<br><br>Case No. 15-cv-03650-EMC<br><br>**RELATED CASES**<br><br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>Docket No. 65, C-15-3645<br>Docket No. 69, C-15-3650 |
| GLORIA A. MESTAYER,<br><br>   Plaintiff,<br><br>   v.<br><br>CAPITAL ONE BANK (USA), N.A.,<br><br>   Defendant. | |

The two above-referenced cases are related. In each, Plaintiff Gloria A. Mestayer has sued Defendant Capital One Bank (USA), N.A. ("CapOne"), asserting violations of the federal Fair Credit Reporting Act ("FCRA") and the state analog, the California Consumer Credit Reporting Agencies Act ("CCRAA"). Previously, the Court dismissed these claims by Ms. Mestayer, as alleged in a first amended complaint ("FAC"), but gave her leave to amend based on her representation (made at a hearing) that she did not include an allegation in her complaint that would substantiate a FCRA and/or CCRAA claim. Ms. Mestayer has now filed her second amended complaint ("SAC") in each case, and CapOne, in turn, has filed a motion to dismiss in each case. The substance of the motions are basically the same, so the Court is issuing only one order.

For the reasons stated below, the Court **GRANTS** CapOne's motion to dismiss but gives Ms. Mestayer leave to amend, more specifically, with respect to her Metro 2 theory only.

## I.   FACTUAL & PROCEDURAL BACKGROUND

As alleged in each SAC, Ms. Mestayer filed for bankruptcy on or about November 25, 2013. On or about April 8, 2014, she received a bankruptcy discharge.

While the bankruptcy proceedings were ongoing, Ms. Mestayer identified an obligation to CapOne as one of her debts. *See, e.g.*, No. C-15-3645 EMC (Docket No. 57) (SAC ¶ 25) (alleging that the debt to CapOne "was included in the Bankruptcy"). CapOne received notice of Ms. Mestayer's bankruptcy proceedings while they were ongoing but never claimed that the debt was nondischargeable. Accordingly, when Ms. Mestayer received her bankruptcy discharge on or about April 8, 2014, the CapOne debt was discharged.

Although not entirely clear from the SAC (this same problem infected her FAC), it appears that Ms. Mestayer is still asserting a claim against CapOne because, while the bankruptcy proceedings were still ongoing (*i.e.*, pre-discharge) CapOne reported to a consumer reporting agency that Ms. Mestayer owed it a debt. *See Mestayer*, No. C-15-3645 (Docket No. 54) (Order at 2 n.1) (stating that, "[a]t the hearing, Ms. Mestayer clarified that she was not making a claim for relief based on any reporting done by CapOne *after* the bankruptcy discharge") (emphasis added).

## II.   DISCUSSION

The Court agrees with CapOne that, for the most part, Ms. Mestayer's SAC simply rehashes issues that the Court already addressed (and decided in CapOne's favor) when it ruled on the viability of Ms. Mestayer's FAC. Ms. Mestayer admits as much in her opposition, with one exception. *See* Opp'n at 1 (asking the Court "to reconsider the positions it has taken").

A.   Metro 2 Theory

With respect to issues already addressed by this Court in its first order granting Defendant's motion to dismiss, the only issue that warrants new analysis is Ms. Mestayer's Metro 2 theory. Ms. Mestayer has presented a recent decision from another California district court, which held that a plaintiff had adequately stated a claim for relief based on a Metro 2 theory. *See Nissou-Rabban v. Capital One Bank (USA), N.A.*, No. 15cv1675 JLS (DHB) (S.D. Cal.) (Docket

1  No. 61) (order denying motion to dismiss).  The district court recognized this Court's ruling in the

2  cases at hand that

> the plaintiff "failed to point to any authority indicating that a failure to comply with an industry standard is a failure to comply with the law."  The Court does not understand that to be Plaintiff's burden to survive this MTD.  She has not moved for judgment as a matter of law based on the undisputed fact Synchrony failed to follow the industry standard, and her claim does not depend on the premise that failure to follow these standards is an FCRA violation *per se*. *Rather, Plaintiff's argument is that Synchrony's failure to adhere to the Metro 2 format may prompt those making credit decisions to draw a more negative inference from Synchrony's reporting a charge off than if it reported "no data," as Plaintiff alleges the industry standard required.*  Of course, to prove her case, Plaintiff will likely need to establish through admissible evidence that this is in fact the industry standard, that Synchrony deviated from it, and that this particular deviation might adversely affect credit decisions –in other words, that "entit[ies] would have expected Defendant to report in compliance with the CDIA guidelines."

*Nissou-Rabban* (Docket No. 61) (Order at 9-10) (emphasis added).

The district court's analysis in *Nissou-Rabban* may have merit.  However, the allegations that Ms. Mestayer made in her amended complaint did *not* present the theory that CapOne's "failure to adhere to the Metro 2 format may prompt those making credit decisions to draw a more negative inference from Synchrony's reporting a charge off than if it reported 'no data.'"[1] *Nissou-Rabban* (Docket No. 61) (Order at 10).  The Court acknowledges that the *Nissou-Rabban* complaint makes the same Metro 2 allegations as the SAC in the instant case.  (Counsel for Ms. Mestayer also represented the plaintiff in *Nissou-Rabban*.)  But the Court disagrees with the *Nissou-Rabban* court's implicit conclusion that this theory may be inferred from those Metro 2 allegations made herein.

Of course, this is not a dispositive point given that Ms. Mestayer could amend her SAC (with the Court's permission) to now expressly articulate the above theory, as recognized by the *Nissou-Rabban* court.  But even if Ms. Mestayer were to plead the new Metro 2 theory articulated by the Court in *Nissou-Rabban*, her amended pleading would still be problematic.  Notably, the

---

[1] Nor was the theory articulated in Ms. Mestayer's opposition brief.

3

facts in this case are distinguishable from those in *Nissou-Rabban* because, here, Ms. Mestayer has admitted that CapOne reported the fact of her bankruptcy at the time that it reported the debt. That does not appear to be the case in *Nissou-Rabban*; at least, nothing in the opinion suggests such. The reporting of the bankruptcy filing substantially diminishes the argument that failure to comply with Metro 2 reporting format could be misleading. The disclosure of the bankruptcy filing arguably gave fair notice of the potential consequences thereof (*e.g.*, automatic stay, potential discharge); thus, failure to follow the specific Metro 2 reporting format may well have been immaterial. As a consequence, in addition to alleging that Metro 2 is an industry standard such that either CapOne was required to follow that standard, *see Giovanni v. Bank of Am.*, No. C 12-02530 LB, 2013 U.S. Dist. LEXIS 55585, *15 (N.D. Cal. Apr. 17, 2013), or a reasonable entity reviewing the credit report "would have expected [CapOne] to report in compliance with the [Metro 2] guidelines,"[2] *Mortimer v. Bank of Am., N.A.*, C-12-01959 JCS, 2013 U.S. Dist. LEXIS 51877, at *32-33 (N.D. Cal. Apr. 10, 2013), Ms. Mestayer will also have to explain why the failure to comply with Metro 2 format was misleading despite CapOne's reporting of the bankruptcy (*e.g.*, because the disclosure of the bankruptcy was so inconspicuous that it was not likely to be seen).

Accordingly, as to Ms. Mestayer's Metro 2 theory, the Court shall allow Ms. Mestayer another opportunity to amend, as it is not clear at this juncture that the theory is not viable. However, the Court forewarns Ms. Mestayer that she will have to substantiate her Metro-2 based claims with much more specific allegations, particularly because of her concession that CapOne did report as a furnisher of information the fact of her bankruptcy at the time it reported the debt.

B.   Theory Based on CapOne's Failure to Report Debt Was Disputed

Although most of Ms. Mestayer's opposition simply rehashes old issues, Ms. Mestayer correctly points out that her SAC does contain some new allegations in support of her claims for

---

[2] Although, at the hearing, Ms. Mestayer indicated that TransUnion consistently follows the Metro 2 standard in its credit reports, she did not make that same comment with respect to either Experian or Equifax. In fact, at the hearing, her counsel indicated that Experian and Equifax do not follow the Metro 2 format. If true, this could undercut her argument that Metro 2 reflects the industry standard.

4

relief. Those allegations are contained in paragraphs 78-82 of the SAC, which read as follows:

    78.    Experian [or Equifax, *i.e.,* the consumer reporting agency] did not provide notice to Plaintiff that [her] dispute was "frivolous or irrelevant," pursuant to 15 U.S.C. § 1681i(a)(3).

    79.    As discussed above, included in the Experian [or Equifax] Dispute Letter was Plaintiff's statement of dispute, pursuant to 15 U.S.C. § 1681i(b).

    80.    However, despite Experian [or Equifax] never notifying Plaintiff that her dispute was "frivolous or irrelevant," they [sic] failed to notate that Plaintiff disputed the above reporting in their subsequent reporting, as required by 15 U.S.C. § 1681i(c).

    81.    Capital failed to provide notice of dispute to Experian [or Equifax] as required by 15 U.S.C. § 1681s-2(a)(3).

    82.    Accordingly, Capital failed to conduct a reasonable investigation with respect to the disputed information as required by 15 U.S.C. § 1681s-2(b)(1)(A) by:

        a.    Failing to remove all of the disputed and incorrect information, and

        b.    Failing to notate, as required, Plaintiff's dispute.

*Mestayer*, No. C-15-3645 EMC (Docket No. 57) (SAC ¶¶ 78-82). The gist of the new allegations against CapOne specifically (as opposed to Experian or Equifax) is that CapOne failed to provide notice to the consumer reporting agency that she disputed the CapOne debt.[3]

Title 15 U.S.C. § 1681s-2(a)(3) provides that "[i]f the completeness or accuracy of any information furnished by any person to any consumer reporting agency [*e.g.*, Experian or Equifax] is disputed to such person by a consumer, the person may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer." 15 U.S.C. § 1681s-2(a)(3). However, the FCRA "expressly provides that a claim for violation of this requirement can be pursued only by federal or state officials, and not by a private party." *Gorman*

---

[3] In its reply brief, CapOne notes that it disputes Ms. Mestayer's factual allegations that Experian and Equifax informed CapOne of Ms. Mestayer's dispute. *See, e.g.*, *Mestayer*, No. C-15-3645 EMC (Docket No. 57) (SAC ¶ 74) ("Upon information and belief, Experian timely notified Capital of Plaintiff's dispute . . . ."). However, CapOne recognizes that, at the 12(b)(6) phase, it cannot challenge Ms. Mestayer's factual allegations. In light of this recognition, Ms. Mestayer's limited objection to CapOne's reply brief is moot.

5

*v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1162 (9th Cir. 2009) (citing 15 U.S.C. § 1681s-2(c)(1)). Thus, Ms. Mestayer "has no private right of action under § 1681s-2(a)(3) to proceed against [CapOne] for its initial failure to notify the CRAs that [she] disputed the [CapOne debt]." *Id.*

Ms. Mestayer protests that she does "have a private right of action . . . to challenge [CapOne's] subsequent failure to so notify the CRAs after receiving notice of [her] dispute under § 1681s-2(b)." *Id.* In *Gorman*, the Ninth Circuit acknowledged that such a claim may be brought under § 1681s-2(b) but clarified that

> [h]olding that there is a private cause of action under § 1681s-2(b) does not mean that a furnisher could be held liable on the merits simply for a failure to report that a debt is disputed. The consumer must still convince the finder of fact that the omission of the dispute was "misleading in such a way and to such an extent that [it] can be expected to have an adverse effect." *Saunders*, 526 F.3d at 150 (quotation omitted). In other words, a furnisher does not report "incomplete or inaccurate" information within the meaning of § 1681s-2(b) simply by failing to report a meritless dispute, because reporting an actual debt without noting that it is disputed is unlikely to be materially misleading. *It is the failure to report a bona fide dispute, a dispute that could materially alter how the reported debt is understood, that gives rise to a furnisher's liability under § 1681s-2(b).* Cf. *id.* at 151 ("[W]e assume, without deciding that a furnisher incurs liability under § 1681s-2(b) only if it fails to report a meritorious dispute.").

*Id.* at 1163 (emphasis added).

Based on *Gorman*, a plaintiff may bring a FCRA claim based on the defendant creditor's failure to report to the consumer reporting agency that a debt is disputed – but only if the failure to so report is misleading. The problem for Ms. Mestayer is that she does not dispute the CapOne debt per se – *i.e.*, that she owed the money to CapOne. Rather, her point is that the debt was not collectible because she was in bankruptcy. But she previously conceded at the hearing on the motion to dismiss her FAC that "CapOne reported not only her account balance/delinquency but also the fact that she was in bankruptcy proceedings." *Mestayer*, No. C-15-3645 EMC (Docket No. 54) (Order at 4). Because CapOne reported the fact that she was in bankruptcy proceedings, the Court held that "CapOne's reporting was not misleading so as to violate the FCRA." *Mestayer*, No. C-15-3645 EMC (Docket No. 54) (Order at 4). Ms. Mestayer has failed to explain

6

how her new allegations establish misleading reporting in light of her prior concession. That is, how could it have been misleading for CapOne to fail to report that the debt was disputed based on her bankruptcy when CapOne reported that she was in bankruptcy? The only way Ms. Mestayer could potentially avoid this dilemma is if her Metro 2 theory above is viable. Accordingly, at the end of the day, whether Ms. Mestayer has claims that may proceed will ultimately turn on the Metro 2 theory.

### III. CONCLUSION

For the foregoing reasons, the Court grants CapOne's motion to dismiss but gives Ms. Mestayer leave to amend consistent with this opinion. Ms. Mestayer's amended complaint shall be filed within thirty (30) days of the date of this order.

This order disposes of Docket No. 65 in No. C-15-3645 and Docket No. 69 in No. C-15-3650.

**IT IS SO ORDERED**.

Dated: June 20, 2016

_____
EDWARD M. CHEN
United States District Judge

7