UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLORIA A. MESTAYER,<br><br>   Plaintiff,<br><br>   v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC, et al.,<br><br>   Defendants. | Case No. 15-cv-03645-EMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>Docket No. 93 |

In this case Plaintiff Gloria A. Mestayer has sued Defendant Capital One Bank (USA) N.A. ("CapOne") for violations of the Fair Credit Reporting Act ("FCRA") and the California Consumer Credit Reporting Agencies Act ("CCRAA"). Previously, this Court dismissed Mestayer's second amended complaint ("SAC"), but gave her leave to amend to substantiate her Metro 2 theory with more specific allegations. Mestayer has filed her third amended complaint ("TAC"), which CapOne now moves to dismiss. As detailed below, because the TAC fails to substantiate Mestayer's Metro 2 theory, the Court **GRANTS** CapOne's motion to dismiss with prejudice.

## I.   FACTUAL BACKGROUND

Mestayer filed for Chapter 7 bankruptcy on or about November 25, 2013. TAC ¶ 24. On or about April 10, 2014 she received a bankruptcy discharge. TAC ¶ 29. After filing her bankruptcy petition, but before receiving a discharge, Mestayer identified an obligation owed to CapOne as one of her debts. TAC ¶ 25. Mestayer notified CapOne of her bankruptcy filing on or about November 28, 2013. TAC ¶ 27. In spite of receiving notice of the debt, CapOne never claimed the debt was non dischargeable. TAC ¶ 30. When Mestayer received her bankruptcy discharge on or about April 8, 2014, the CapOne debt was discharged. TAC ¶ 32.

In a credit report dated June 19, 2015, CapOne reported to a consumer reporting agency (a "CRA" or "CRAs"), Experian, that during the period when the bankruptcy was ongoing, from January 2014 to April 2014, Mestayer had an account balance of $756.  TAC ¶ 62.  Mestayer disputed this reported information, saying that the debt should not have been reported in light of her bankruptcy filing (which ultimately resulted in discharge).  TAC ¶ 78-80.  CapOne, however, continued to report this information to the CRAs.  TAC ¶ 84.

In this lawsuit, Mestayer reiterates her claim that CapOne violated the FCRA and the CCRAA by reporting the above information because it was misleading.  TAC ¶ 53, 59, 73, 90.

## II.  PROCEDURAL HISTORY

Mestayer filed suit on August 10, 2015, alleging that CapOne violated the FCRA and the CCRAA by failing to correct inaccurate (*i.e.*, misleading) information it provided to consumer reporting agencies.

After Mestayer amended her complaint, CapOne filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  Docket No. 36.  Mestayer's FAC claimed that reporting the debt while in bankruptcy was misleading because: (1) CapOne "implied she was financially irresponsible by completely disregarding her obligations;" and (2) "CapOne made her debt appear more recently subject to collection than it really was."  Docket No. 54 at 4 ("Order dismissing FAC") (internal citations omitted).  At the hearing on CapOne's motion to dismiss her first amended complaint ("FAC"), Mestayer conceded that CapOne did report the fact of her bankruptcy to the CRAs.  Order dismissing FAC at 4.  The Court accordingly held that Mestayer had failed to show the report was misleading.  *Id.*  However, Mestayer suggested that she had a viable claim notwithstanding the fact that the bankruptcy was reported based on a theory that CapOne subscribed to but failed to comply with Metro 2, the industry standard format for credit reporting.  Order dismissing FAC at 7.  While the Court noted that she failed to point to any authority that the failure to comply with an industry standard was a failure to comply with the law, the Court granted her leave to amend.  Order dismissing FAC at 7-8.

Mestayer filed a second amended complaint on March 18, 2016, which differed from the FAC only in adding some allegations pertaining to her Metro 2 theory.  *See* Docket No. 57

2

1  ("SAC"). Again, on April 12, 2016, CapOne filed a motion to dismiss the SAC under Rule
2  12(b)(6), which this Court granted on June 20, 2016, The Court agreed with CapOne that, for the
3  most part, the SAC simply reiterated the same claims the Court dismissed in its order dismissing
4  the FAC; the Court therefore declined to readdress them. *Id.* at 2. The Court did note that
5  Mestayer presented a recent decision of another California district court, which held the plaintiff
6  had adequately stated a claim based on a Metro 2 theory. *Id.* at 2-3 (citing *Nissou-Rabban v.*
7  *Capital One Bank (USA), N.A.*, No. 15CV1675 JLS (DHB), 2016 WL 4508241, at *1 (S.D. Cal.
8  June 6, 2016)). *Nissou-Rabban* denied a motion to dismiss where a plaintiff alleged that a lender
9  failed to comply with Metro 2, and that that failure could "prompt those making credit decisions to
10 draw a more negative inference from [the bank's] reporting." *Id.* This Court, however, observed
11 that Mestayer's SAC did not "expressly articulate" the Metro 2 theory approved by the *Nissou-*
12 *Rabban* court. *Id.* at 3. Accordingly, the Court granted Mestayer leave to amend the SAC, but
13 *only* to substantiate her Metro 2 theory. *Id.* at 4. In so doing, however, the Court noted that the
14 present case was distinguishable from *Nissou-Rabban* because here, the "reporting of the
15 bankruptcy filing substantially diminishes the argument that failure to comply with Metro 2
16 reporting format could be misleading." *Id.* The Court thus "forewarn[ed] Ms. Mestayer that she
17 will have to substantiate her Metro-2 based claims with much more specific allegations." *Id.*
18 On July 20, 2016, Mestayer filed a third amended complaint ("TAC"). Docket No. 82.
19 Currently pending before this Court is CapOne's motion to dismiss the TAC with prejudice.
20 Docket No. 93 ("Mot.").

### III.  DISCUSSION

22 CapOne argues Mestayer has failed to allege an inaccurate or misleading statement
23 because: (1) a mere failure to follow Metro 2 guidelines cannot, by itself, be misleading when the
24 underlying information is accurate; (2) even if a deviation from Metro 2 can constitute an
25 inaccuracy, the facts here do not state a claim; (3) CapOne's reporting was in fact consistent with
26 Metro 2. Mot. at 7-15.
27 The extant case law does not settle whether reporting that violated Metro 2 could ever be

1  misleading when the underlying information is accurate.[1]  The Court need not resolve this

2  question, however, since Mestayer has failed to explain how, in this case, CapOne's reporting

3  could be misleading in light of its reporting of Mestayer's bankruptcy.

A. FCRA

"To ensure that credit reports are accurate, the FCRA imposes duties on entities called 'furnishers,' which are the sources that provide credit information to credit reporting agencies." *Snyder v. Nationstar Mortgage LLC*, No. 15-cv-03049-JSC, 2015 U.S. Dist. LEXIS 154680, at *8 (N.D. Cal. Nov. 13, 2015) (citing *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1153-54 (9th Cir. 2009). Specifically, the statute provides in relevant part that "if an item of information disputed by a customer is found to be inaccurate or incomplete," the furnisher must modify, delete or block reporting of that information.  15 U.S.C. §1681-2(b).  The Ninth Circuit has held that information on a credit report can be "inaccurate" within the meaning of FCRA if it is "misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions." *Gorman*, 584 F.3d at 1163.  Because both the FCRA and the CCRAA claims in this case are based on the same alleged inaccuracy, the viability of the CCRAA claim depends on the viability of the FCRA claim.  Order dismissing FAC at 7.

1. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss based on a plaintiff's failure to state a claim upon which relief can be granted.

> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." The plausibility standard requires more than the sheer possibility or conceivability that a defendant has acted unlawfully. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility

---

[1] *See Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147 (9th Cir. 2009); *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876 (9th Cir. 2010); *Giovanni v. Bank of America*, *National Association*, No. C 12-02530 LB, 2013 WL 1663335 (N.D. Cal. Apr. 17, 2013) (*Giovanni II)*; *Mortimer v. Bank of America*, No. C-12-01959 JCS, 2013 WL 1501452 (N.D. Cal. Apr. 10, 2013); *Nissou-Rabban v. Capital One Bank (USA), N.A.*, No. 15CV1675 JLS (DHB), 2016 WL 4508241 (S.D. Cal. June 6, 2016).

1
2
    and plausibility of entitlement to relief." Dismissal under Rule 12(b)(6) is proper only when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory.

*Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)); *see also Bell Atl. Corp v. Twombly*, 550 U.S. 544 (2007).

    2. <u>The Alleged Deviation Is Not Misleading</u>

    Even assuming that deviating from Metro 2 could be misleading (and hence actionable, *see Gorman*, 584 F.3d at 1163) when the underlying information is accurate, the TAC fails to adequately allege that CapOne's reporting is in fact misleading.  This Court, in its order dismissing the SAC, specifically instructed Mestayer that to survive another motion to dismiss, her TAC had to make two changes.  First, she had to allege either that Metro 2 was the industry standard, such that CapOne was required to follow it, or that reasonable entities would have expected CapOne to report in compliance with Metro 2.  Order dismissing SAC at 4.  Second, Mestayer had to explain why any creditor would be misled where CapOne reported the fact of the bankruptcy along with the date of the account balance/delinquency.  Order dismissing SAC at 4.

    In her TAC, Mestayer alleges the following: (1) the Metro 2 format is the credit industry's standard format for reporting consumer credit information, such that reasonable entities would have expected CapOne to report in compliance; and (2) potential creditors would be misled by CapOne's failure to follow Metro 2 guidelines in reporting debt during a pending bankruptcy.  TAC ¶¶ 45-61.  The TAC fails, however, to provide specific allegations as to how CapOne's failure to follow Metro 2 would be misleading when the fact of her bankruptcy was reported.  Mot. at 12-13.  The disclosure of the bankruptcy substantially diminishes the risk that the report was misleading even if it otherwise did not fully comply with Metro 2.  Disclosing the bankruptcy filing provides notice to creditors of the potential consequences thereof (*e.g.*, automatic stay, potential discharge of the debt).  *See* Order dismissing SAC at 4.  Accordingly, Mestayer has failed sufficiently to plead an inaccuracy as required by the FCRA and the CCRA.

    Mestayer relies upon *Nissou-Rabban* to support her contention it is sufficient to merely allege that CapOne's deviation from Metro 2, the industry standard, was misleading, but that case does not address the facts here. Opp. at 11.  As noted above, *Nissou-Rabban* held only that a

complaint survived a motion to dismiss where a lender's failure to comply with Metro 2 could "prompt those making credit decisions to draw a more negative inference from [the bank's] reporting." *Nissou-Rabban*, 2016 WL 4508241, at *5. Importantly, there is no indication that the credit report at issue in *Nissou-Rabban* reported a bankruptcy. In contrast, Ms. Mestayer's credit report reporting her bankruptcy is a critical fact to this Court's conclusion that the report was not misleading. Order dismissing SAC at 4.

Because the disclosure of the bankruptcy filing vitiates the risk that any deviation from Metro 2 could be misleading, in dismissing the SAC with leave to amend this Court explicitly required Mestayer to "substantiate her Metro-2 based claims with much more specific allegations." Order dismissing SAC at 4. She has failed to do so. The TAC does not, for instance, identify any aspect of the layout or the contents of the credit report, or the manner in which the reporting was done, that could be misleading – there is no showing that the fact of the bankruptcy reporting was hidden or inconspicuous. In fact, despite repeated requests from this Court, Mestayer has not still produced the actual credit report to which she objects. Mestayer did not comply with this Court's directive to substantiate her claim with more specific allegations. The TAC therefore fails to state a plausible claim that the report was misleading.[2]

### B.     Mestayer's CCRAA Claim Fails for the Same Reason Her FCRA Claim Fails

Mestayer's second claim is for a violation of the CCRAA based on allegations that CapOne reported information to a CRA that it knew or should have known was inaccurate. TAC ¶¶ 102, 107-110. This Court previously held that the only CCRAA claim that the FCRA does not preempt is a claim under California Civil Code § 1785.25(a). Order Dismissing FAC at 6. Section 1785.25(a) provides that: "[a] person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate." Cal. Civ. Code § 1785.25(a). This Court has

---

[2] Furthermore, even if this Court concluded that the alleged deviation from Metro 2 could be misleading despite the reporting of the bankruptcy filing, CapOne has made a compelling showing that its reporting was in fact consistent with Metro 2. *See* Motion at 13-16; Reply at 4-6. The Court need not resolve this question since the deficiencies in Mestayer's TAC are sufficient to warrant dismissal.

further noted that "[b]ecause the CCRAA's requirements of completeness and accuracy mirror those found in the FCRA, judicial interpretations of the federal provisions are 'persuasive authority and entitled to substantial weight when interpreting the California provisions.'" Order Dismissing FAC at 7 (quoting *Montgomery v. Wells Fargo Bank, NA*, No. C12-3895 TEH, 2012 U.S. Dist. LEXIS 162912, at *8 (N.D. Cal. Nov. 13, 2012)).

As demonstrated previously, Mestayer has failed to sufficiently allege that CapOne's reporting was inaccurate or misleading under the FCRA. As a claim under § 1785.25(a) of the CCRAA is substantially identical to a claim under the FCRA, this Court reaffirms its previous ruling that "Mestayer's CCRAA claim fails because her FCRA claim fails." Order Dismissing FAC at 7. Nothing in the TAC provides any reason to revisit that determination.

## IV. CONCLUSION

CapOne asks this Court to dismiss the TAC without leave to amend. Mot. at 20. While leave to amend should be liberally granted, dismissal with prejudice is warranted when any amendment would be futile, *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998), or the plaintiff has repeatedly failed to cure deficiencies in previous amendments. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Mestayer now has had three opportunities to amend her complaint, with clear instructions from this Court as to what is needed to survive a motion to dismiss. Despite the Court's clear guidance, Mestayer has repeatedly failed to cure the deficiencies in her complaint, and for that reason, leave to amend would be futile. The Court therefore **GRANTS** CapOne's motion to dismiss with prejudice. The Clerk is instructed to enter judgment and close the file.

This order disposes of Docket No. 93.

**IT IS SO ORDERED**.

Dated: December 12, 2016

_____
EDWARD M. CHEN
United States District Judge

7